IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ELMONTHA BURKS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv461 |
| L. RAMOS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Elmontha Burks, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings the above-styled lawsuit.

Discussion

Plaintiff paid the filing fee in the above-styled action.  Accordingly, on November 2, 2021, the court entered an order directing the Clerk to deliver summonses to plaintiff so he could serve the defendants in accordance with FED. R. CIV. P. 4.  Plaintiff, however, failed to serve the defendants within the time provided in Rule 4(m) of the Federal Rules of Civil Procedure.

As a result of plaintiff's failure to serve the defendants or show good cause for failing to do so, the magistrate judge entered a Report recommending dismissal pursuant to FED. R. CIV. P. 4(m) on April 5, 2022.  Plaintiff filed a motion for reconsideration of the Report, asserting he had transferred to a different facility on December 20, 2021 and did not receive his legal materials until March 20, 2022.  On June 7, 2022, after consideration of plaintiff's motion, plaintiff was provided an extension of twenty days' time in which to serve the defendants.  Plaintiff was notified that failure to comply with the order may result in the dismissal of the above-styled action.  The acknowledgment card for the extension order was returned to the court on June 27, 2022, undated and unsigned by plaintiff.  As of this date, plaintiff has failed to show proof of service of the defendants or show good cause for failing to do so, and he has had no other contact with the court.

Analysis

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without

prejudice against that defendant or order that service be effected within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

*Pro se* status does not excuse a litigant's failure to effect service.  *Systems Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Furthermore, the dismissal is mandatory absent a showing of good cause.  *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).

Plaintiff has had more than eight months to serve the defendants in this action.  Even considering plaintiff's alleged three-month impediment, plaintiff has had approximately five months to serve the defendants.  Despite an extension of time in which to accomplish service and a warning that his failure to serve the defendants may result in the dismissal of this action, plaintiff has failed to effect service in accordance with the applicable rules.  Further, plaintiff has failed to show good cause for failing to effect service upon the defendants.  As a result, plaintiff's claims must be dismissed without prejudice pursuant to Rule 4.  It is therefore

ORDERED that the above-styled action is DISMISSED without prejudice pursuant to FED R. CIV. P. 4.  A final judgment will be entered in this case in accordance with this opinion.

**SIGNED this 22nd day of July, 2022.**

Michael J. Truncale
United States District Judge